[No. 9163.   Department Two. — November 23, 1885.]

A. L. EDWARDS, RESPONDENT, *v.* H. CREPIN ET AL., APPELLANTS.

CONTRACT OF EMPLOYMENT—PUBLIC POLICY.—An agreement by an employer to pay an employee a certain sum per month for his services, even if he should be discharged for incapacity or dereliction of duty, is not contrary to public policy.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion.

. *R. A. Redman,* for Appellants.

*Neumann & Eickhoff,* for Respondent.

FOOTE, C.—The plaintiff sued the defendants for services rendered by his assignor, one Taubles, under the provisions of a certain written contract.

In the first instance, judgment passed for the plaintiff in the sum of six hundred dollars, which upon the court's suggestion he agreed to allow to be reduced to the sum of $225.65, with legal interest and costs to the amount of $51.75, and from that the defendants appealed.

The cause comes here on the judgment roll alone.

The defendants make the points:—

1. That the clause of the contract under which judgment was obtained is void, being contrary to public policy.

2. That the judgment was for less than three hundred dollars, and therefore did not carry costs, under section 1025 of the Code of Civil Procedure.

The respondent confesses error as to the last, so that the first question alone remains for decision.

Although the findings are not so clear as they might have been, we think that the trial court therein determined that the plaintiff's assignor rendered services to the defendants for the space of one month or thereabouts, under the conditions of the written contract, and that *then* the defendants discharged him from their employment for *misconduct* and *incapacity*.

As we read the contract referred to, we do not understand from it that the *misconduct* and *incapacity* of Taubles was agreed to be paid for at the rate of two hundred dollars per month. The fair construction to be given that instrument is, that the parties were entering upon a new and untried scheme, an experiment in the sale of a patent "Elixir" for the curing of skin diseases, etc.

That it was desirable to have an agent to secure the sale of the "Elixir"; that as the venture might or might not be successful, this agent desired to, and did by a certain clause in the contract, secure to himself pay, at the rate of two hundred dollars per month, while engaged in this employment, intending and actually providing that he should receive the money even if the defendants discharged him for misconduct or incapacity. The parties seem to have contemplated that perhaps they might not, upon more intimate association, desire to continue the contract in force, and it was natural, and we cannot see how it was improper that Taubles should not desire to enter upon the duties appointed to him, unless he could be certain of reasonable compensation for the time and talents, such as the last might be, that he would devote to the enterprise.

The defendants consented to this arrangement, provided they could reserve, which they did, the right to themselves to discharge Taubles whenever they desired for *misconduct* or *incapacity*.

We do not understand this contract to have placed a premium upon *misconduct* or *incapacity*, but to have simply secured to the plaintiff's assignor compensation for his time and energies, while employed by the defendants, even if they should discharge him from their service for dereliction of duty, or inability to carry out their wishes and plans.

We are therefore of opinion that so much of the judgment ·as imposes costs and disbursements in the court below upon the defendants should be stricken out, and that in all other respects the judgment should be affirmed.

BELCHER, C. C., and SEARLS, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, so much of the judgment as imposes costs and disbursements in the court below upon defendants is ordered stricken out, and in all other respects the judgment is affirmed.